UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>     Plaintiff,<br><br>  v.<br><br>SERINTENO, et al.,<br><br>     Defendants. | Case No. 20-cv-05137-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Shawn Damon Barth is barred from bringing this action *in forma pauperis* because he has filed three or more federal actions that were dismissed as frivolous, malicious, or on grounds that they failed to state a claim for relief. He was ordered to show cause why the action should not be dismissed, but he has not filed any response to the order. Accordingly, this federal civil rights action is DISMISSED without prejudice to Barth bringing his claims in a new paid complaint.

## BACKGROUND

Barth, a state prisoner and frequent litigant in federal court, filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. The original complaint was dismissed with leave to amend, and Barth's motion to proceed IFP was granted. (Dkt. Nos. 9 and 10.) After he filed an amended complaint, I learned that he may not be entitled to IFP status under § 1915 because he has brought three or more lawsuits that were frivolous, malicious or failed to state a claim on which relief could be granted.

United States District Court
Northern District of California

Barth was ordered to show cause why the action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  (Order to Show Cause, Dkt. No. 16 at 1.)  The order identified three prior federal court actions ("strikes") that appeared to count under section 1915(g) and allowed plaintiff an opportunity to respond, as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005).  The order also informed Barth he could avoid dismissal by paying the filing fee by the deadline.

The strikes identified were:

(1) *Barth v. Beard* (*Beard*), No. 2:16-cv-01469-DMG-RAO (C.D. Cal. Feb. 26, 2019) (complaint dismissed by a district judge upon the recommendation of a magistrate judge,[1] because plaintiff failed to state a claim, and additionally one of his four claims was *Heck*-barred on the face of the complaint, and two defendants were entitled to sovereign immunity on the face of the complaint);

(2) *Barth v. Kernan* (*Kernan*), No. 2:18-cv-04763-DMG-RAO (C.D. Cal. Sept. 10, 2018) (complaint dismissed with leave to amend because plaintiff failed to state a claim, one of his four claims was additionally *Heck*-barred on the face of the complaint, and defendants were entitled to sovereign immunity on the face of the complaint; ultimately dismissed because plaintiff failed to cure any defect upon amendment); and

(3) *Barth v. Muniz* (*Muniz*), No. 3:18-cv-01242-WHO (N.D. Cal. May 31, 2019) (amended complaint dismissed for failure to state a claim and because allegations

---

[1] That a magistrate judge, rather than a district judge, issued the order is of no moment. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (holding that a dismissal without prejudice by a magistrate judge, issued before the defendant filed a consent to magistrate jurisdiction, is still a strike under the PLRA.)

were prolix; suit ultimately dismissed after plaintiff failed to cure any defect upon amendment).[2]

### DISCUSSION

Barth has not filed any response to the Order to Show Cause.  Therefore, Barth has not shown any reason that the restrictions of section 1915(g) should not be imposed.  He has failed to (i) pay the filing fee; (ii) show that any of the strikes do not qualify under section 1915(g); (iii) show that he qualifies for the imminent danger exception; or (iv) otherwise show cause why this action should not be dismissed.

Barth's IFP status is REVOKED.  This civil rights action will be dismissed.

### CONCLUSION

This federal civil rights action is DISMISSED without prejudice to Barth bringing his claims in a new paid complaint.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  July 19, 2021



WILLIAM H. ORRICK
United States District Judge

---

[2] The Court's dismissal was upheld on appeal:  "The district court did not abuse its discretion in dismissing Barth's action without prejudice because Barth failed to comply with the district court's orders to file an amended complaint that alleged a closely related set of claims, despite multiple warnings to comply with federal pleading and joinder requirements."  *Barth v. Muniz*, No. 3:18-cv-01242-WHO, USCA Memorandum, Dkt. No. 29 at 2.)

United States District Court
Northern District of California